**PERUQUE SEWER COMPANY, a corporation, Plaintiff-Appellant,**

v.

**Harold HENKE et al., Defendants-Respondents.**

No. 33981.

St. Louis Court of Appeals, Missouri.

Oct. 26, 1971.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 29, 1971.

Niedner, Niedner & Moerschel, St. Charles, Blumenfeld, Kalishman, Marx & Tureen, St. Louis, for plaintiff-appellant.

George E. Sullivan, O'Fallon, for defendants-respondents.

PER CURIAM:

This is an appeal in a condemnation case brought by Peruque Sewer Company, a corporation, to acquire easements on and over the land of the condemnees to construct and extend its sewer system. The action was brought pursuant to and authorized by § 393.025, V.A.M.S. The condemnees (defendants) were Harold Henke, Rita Henke, and Lawrence R. Dittmeier. At the close of plaintiff's case the court dismissed the action on the ground that the order of approval obtained by the sewer company under the above mentioned statute was void because it failed to show on its face notice to defendants of the proceedings for approval under said statute. The sewer company has appealed from said judgment.

Appellant owns and operates a sewer system for the collection, carriage, treatment and disposal of sewage for the residents of Lake Saint Louis, a new community being developed in the western part of St. Charles County. The area has approximately three thousand acres. It is being developed into single family residential lots, multiple residential areas, and commercial property units. At the time of the hearing there were approximately 150 residents in homes or in multi-family units. There are 750 owners of single family lots. There will be a total recreation environment of lakes, country club and golf course.

There were negotiations with respondents for the purchase of easements which were not successful. Appellant's representative made an offer to the Henkes but was advised by Mr. Henke that they did not want to sell the property for the easement but wanted to dispose of all the property. An effort was made by appellant's representative to purchase an easement over the Dittmeier land. An offer was made but an agreement on the sale price was not reached.

Appellant assigns as error the action of the trial court in dismissing its ac-

tion. In support of this assignment it is urged that respondents' attack on the order of the Public Service Commission was a collateral attack which is not permissible and therefore the judgment sustaining the motion should be reversed. To this we agree. Our Supreme Court has held that such orders are not subject to collateral attack. State ex rel. State Highway Commission v. Conrad, Mo., 310 S.W.2d 871. We therefore will not elaborate on the matter. We are bound by the opinion of the Supreme Court.

The judgment is reversed and the cause remanded.

All concur.